[Civ. No. 386.    Third Appellate District.—June 4, 1908.]

MARIETTA MILLER, as Trustee, et al., Respondents, v. R. J. SCOBLE, Appellant.

MINING CLAIMS—ANNUAL WORK—RELOCATION—QUIETING TITLE—SUPPORT OF FINDINGS—CONFLICTING EVIDENCE.—In an action to quiet title to mining claims relocated by the defendant for alleged failure of plaintiffs to do the requisite annual work for the preceding year, findings by the court upon conflicting evidence for the plaintiffs that the full amount of work was done by them for that year cannot be disturbed upon appeal.

ID.—CREDIBILITY OF WITNESSES—PROVINCE OF TRIAL JUDGE.—It is the peculiar province of the trial judge to determine the credibility of the witnesses, which cannot be invaded upon appeal, unless the testimony for the prevailing party is so improbable that the appellate court must reject it as not entitled to belief.

ID.—MOTION FOR NEW TRIAL—NEWLY DISCOVERED EVIDENCE—DISCRETION—PRESUMPTION.—A motion for a new trial on the ground of newly discovered evidence is addressed to the sound discretion of the trial court, which must be presumed to have been properly exercised in denying the same, unless it appears that the evidence is such as must, if proved upon a new trial, change the result, in which case, if proper diligence is shown, the order must be reversed; but where the evidence is substantially cumulative, and it cannot be held that the result would probably be different if the new evi-

dence were received, the discretion of the court cannot be inter-
fered with.

ID.—ACCIDENT AND SURPRISE—WANT OF DILIGENCE—IMPROPER RELI-
ANCE UPON VISIT BY JUDGE.—The ground of "accident and sur-
prise" cannot justify the motion for a new trial, where it appears
that they were occasioned by the testimony of plaintiff's witnesses
that the annual work was done, which was given upon the only
issue joined in the case, upon the trial of which common prudence
would require defendant to be prepared to show the contrary, and
he was bound to exercise reasonable diligence on his part in pro-
ducing all evidence obtainable thereupon; nor can such want of
diligence be justified by improper reliance upon a visit of the judge
to inspect the work done before rendering his decision, without
reasonable ground for anticipating such visit.

APPEAL from a judgment of the Superior Court of
Tuolumne County, and from an order denying a new trial.
G. W. Nicol, Judge.

The facts are stated in the opinion of the court.

F. R. Whitcomb, Wm. M. Sims, and J. B. Curtin, for Ap-
pellant.

F. P. Otis, for Respondents.

BURNETT, J.—The action was brought to quiet title to
two adjoining mining claims.

Plaintiffs had judgment and defendant appealed from the
order denying his motion for a new trial.

Appellant relocated the claims on January 1, 1905, and he
contends that the annual labor required by law was not done
on either of said claims by plaintiffs for the year 1904, and
also that by virtue of his affidavits of newly discovered evi-
dence a new trial should have been granted.

1. In the opening brief appellant inveighs caustically
against the testimony of plaintiffs' witnesses, asserting that
it is entirely unworthy of credence, and insufficient to jus-
tify the finding of the court that the work was done in 1904.
But the fact remains, as the transcript shows, that two wit-
nesses, Heldman and Miller, testified that the two hundred
dollars' worth of work was done by them and one Curtis.
They give the number of days that they were employed, the
price per day of their labor, and they describe how and where

the work was done. It is true that they do not entirely agree as to some of the details, and Heldman is less certain as to the exact time of the employment than Miller, but it cannot be disputed that their testimony supports the finding of the court, and even admitting, as we do, that a very strong counter-showing was made by defendant, we are powerless to disturb said finding under the well-established rule of conflicting evidence, unless the testimony for plaintiffs is so improbable that we must reject it as not entitled to belief. This rule is admitted by appellant, but he stoutly insists that the conduct of said witnesses as sworn to is inherently improbable, as "it violates every principle of human action." The assertion is made in view of their statement that they sank a shaft in quartz rock to the depth of twenty or twenty-five feet, and had three benches upon which to throw the rock; that they threw it up eight feet upon one bench and then upon another, and at last to the top, from which point they moved it several feet to an old dump pile. Appellant says "they were there simply to do assessment work, and were not called upon to enter upon any such a stupendous and hazardous undertaking as the one they describe, without appliances in the way of blacksmith utensils, wheelbarrows and other articles necessary to do such work." But we cannot say that they were required to have all the approved appliances, nor that because they appear to have worked somewhat stupidly and not to the best advantage, they did not do the work as they claim. The considerations suggested were proper to be addressed to the trial judge as affecting the credibility of the witnesses. No doubt they were not overlooked by the court below, but it was found, in view of all the circumstances, that the necessary work was done in good faith; and we cannot hold otherwise without invading the province of the trial judge. It is fair to say that the explanation by witness Miller of the manner in which the work was done mollifies somewhat the sting of appellant's criticism.

2. In his closing brief it is virtually admitted by appellant that the evidence is sufficient to support the said finding of the court, but it is claimed that "the principle of law that this court will not disturb the decision of the lower court has no bearing, for in this case appellant relies principally on his motion for a new trial upon accident and surprise, which

ordinary prudence could not have guarded against, and upon newly discovered evidence material for defendant, which he could not with reasonable diligence have discovered and produced at the trial.''

It is conceded that much must be left to the discretion of the trial court in the determination of the sufficiency of the showing made.

The rule is, as stated by the authorities, that it is usually to be presumed that the discretion of the court has been properly exercised, yet when it appears that the newly discovered evidence is such as must, if proved upon a new trial, change the result, and proper diligence has been shown, an order denying the new trial must be reversed.

The ''accident and surprise'' were occasioned by the testimony of the witnesses for plaintiffs that the assessment work for 1904 was done in sinking a certain shaft, digging a certain cut, and running a certain drift and making a winze therein, whereas, it is asserted, no such shaft, cut, drift or winze was ever dug or made, and ''that in the nature of things defendant was greatly surprised at such bald, open, false swearing as to matters which had no existence whatever in fact; that plaintiffs in their affidavits of assessment work filed for record, did not state where in particular they claimed to have done their assessment work on said mines for the year 1904, simply swearing, generally, that they had done the work, so that the defendant could in no way glean therefrom where or at what places plaintiffs claimed to have worked.''

But it is conceded that the only issue before the court was whether the assessment work was done by plaintiffs on said claims, and common prudence would require defendant to be prepared to show that said work was not done on any part thereof. In fact, as appellant admits, plaintiffs made out a *prima facie* case by introducing in evidence the said affidavits of assessment work, and the burden was then cast upon defendant to show that the requisite amount of labor was not done upon any portion of the claim, and he does not excuse his failure to use diligence in producing all the witnesses that he deemed necessary to convince the court of the merit of his contention. Again, considering the case from appellant's standpoint in view of the said affidavits, he should

not have been surprised at the "bald, open and false swearing" of plaintiffs' witnesses, but should rather have anticipated it, and been fully prepared to overcome its effect.

Moreover, when the surprise did occur, appellant should have asked for a continuance in order that he might induce other witnesses to visit the mine and testify at the trial upon the point suggested. The only excuse offered in his affidavit for his failure to do so is that he believed, and relied upon his belief, that the judge of the court would visit said mine before rendering his decision in the cause.

In other words, the appellant chose to rely upon the visit to the mine of the judge to produce conviction rather than upon the testimony of other witnesses, and he must now abide by his choice. But the judge did not visit the mine, and it is claimed that appellant was thereby surprised, and should therefore have a new trial, that he may present additional evidence.

It is a sufficient answer to say that from the statements contained in the counter-affidavits presented upon the hearing of said motion the court was justified in concluding that appellant had no reason to believe that such visit would be made, and, besides, it is apparent that a personal inspection of the premises by the trial judge cannot be deemed equivalent to the testimony of witnesses, and therefore the expectation of such visit cannot afford any legal excuse for defendant's remissness in making no effort to secure, before the submission of the cause, the additional evidence.

Again, an examination of the transcript discloses that the proposed evidence is substantially cumulative. Witness Curtis and others who were familiar with the situation testified that the work done by plaintiffs did not meet the requirement of the statute. Besides, it cannot be held that the result would probably be different if the additional evidence were introduced. As a matter of fact, the affidavits of the proposed witnesses were received, and, after considering them and the counter-affidavits, the only person in a position to determine with any degree of accuracy whether the decision would likely be changed in the event of another trial has settled the question in the negative by denying the motion.

We have deemed it unnecessary to cite authorities in support of the somewhat elementary principles announced, and

notwithstanding the earnest and, indeed, vehement, asseveration by appellant of the gross injustice of the decision, the record does not warrant us in substituting our judgment of the evidence for that of the trial court, and we are led to the conclusion that the responsibility exercised by the other tribunal in determining the issue is not subject to revision.

The order denying the motion for a new trial is affirmed.

Chipman, P. J., and Hart, J., concurred.